UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS A. RITROVATO, III,<br><br>Plaintiff,<br><br>v.<br><br>UMASS FIVE COLLEGE FEDERAL CREDIT UNIT,<br><br>Defendant. | Civil Action No. 23-cv-10685-DJC |

## ORDER

**CASPER, J.**                                                                                                                                                          **July 12, 2023**

*Pro se* litigant Nicholas Ritrovato has filed a civil complaint, D. 1, in which he alleges that UMass Five College Federal Credit Unit committed bank fraud by conspiring to defraud check writers and their respective financial institutions. Ritrovato has also filed a motion for leave to proceed *in forma pauperis*. D. 2. For the reasons stated below, the Court ALLOWS the motion for leave to proceed *in forma pauperis*, D. 2, and DISMISSES this action for lack of subject matter jurisdiction.

**I.     Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the motion for leave to proceed *in forma pauperis*, the Court concludes that Ritrovato has adequately demonstrated his inability to prepay the filing fee. Accordingly, this motion, D. 2, is ALLOWED.

**II.    Review of the Complaint**

Because Ritrovato is proceeding *in forma pauperis*, the Court may conduct a preliminary review of the complaint and dismiss any claim that fails to state a claim upon which relief may be

1

granted, is malicious or frivolous, or asserts claims for monetary damages against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

In addition, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'"  Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  Federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  Id.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

### A. Ritrovato's Statement of His Claim

In his complaint, D. 1, Ritrovato alleges that, "[i]n the school year 1990-1991 Susan DiMarzo-Haley opened an account in the name of plaintiff for the purpose of cashing stolen checks drafted under false pretense from the college tuition savings account of said plaintiff at another institution."  Id. at 4.  Ritrovato further alleges that "Ms. DiMarzo-Haley in conspiracy with a person who resembled the plaintiff's mother infiltrated at graduation time (May 1995) and presented several checks from family and friends of [the plaintiff] at Citizens Bank in Somerville, MA for deposit into a joint checking account in the name of [the plaintiff's] parents[]" and then purportedly "drafted a check from the account under false pretense stealing approximately $2,000,000.00."  Id. at 5.

According to Ritrovato, DiMarzo-Haley "then deposited the draft at Wellesley savings bank along with other gift checks which were not presented at Citizens."  Id.  "Citizens and Wellesley bank agents" allegedly "gave [DiMarzo-Haley] all the cashed checks back after she

deposited them," to "facilitate multiple check cashing of each draft check." Id. Ritrovato claims that DiMarzo-Haley then deposited the checks at UMass Five College FCU, which conspired with her to "defraud check writers and their respective financial institutions" by re-presenting the check for deposit "as many as 20 iterations each." Id. This conspiracy allegedly resulted in the fraudulent acquisition of $73 million, which was "secreted at the direction of and to Ms. DiMarzo-Haley[]" and one other individual. Id.

### B. Lack of Subject Matter Jurisdiction

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship[1] and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Here, Ritrovato invokes the Court's federal question subject matter jurisdiction under § 1331. D. 1 at 3. In his jurisdictional allegation, Ritrovato characterizes his claim as one for bank fraud and identifies 18 U.S.C. § 1344 as the federal law under which his claim arises. Id.

The bank fraud statute to which Ritrovato refers is a criminal statute. See 18 U.S.C. § 1344 It gives the United States the authority to prosecute persons who have committed bank fraud, as defined in the statute. It does not, however, provide a right of action by which a private litigant may file a lawsuit against a person who has allegedly committed bank fraud. Reade v. Galvin, No. 21-10064-FDS, 2021 WL 327474, at *2 (D. Mass. Feb. 1, 2021). Thus, it does not provide a basis for jurisdiction under § 1331.

---

[1] In this context, "citizenship" refers to the state in which a party is domiciled. It does not refer to the country for which a party has citizenship. See Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

Further, Ritrovato does not identify, nor can the Court discern, any other federal law that would be applicable in this action. Accordingly, the Court does not have subject matter jurisdiction over this action under § 1331.

### III. Conclusion

For the foregoing reasons, the Court orders as follows:

1. The motion to proceed *in forma pauperis*, D. 2, is ALLOWED; and

2. This action is DISMISSED for lack of subject matter jurisdiction.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge