UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS A. RITROVATO, III<br><br>    Plaintiff<br><br>    v.<br><br>UMASS FIVE COLLEGE<br>FEDERAL CREDIT UNION<br><br>    Defendant | C.A. No.1:23-10685-DJC |

## NOTICE OF APPEAL

### October 17, 2023

    ON APPEAL, Plaintiff, Nicholas A. Ritrovato, III, pro se and his complaint of March 29, 2023 against UMass Five College Federal Credit Union, a complaint in a matter of a tortuous claim of self enrichment, theft of irrevocable gifts, aggravated by identity theft and bank fraud; an unfair and deceptive act or practice within the meaning of M.G.L. Chapter 93A Section 2(a) and Federal Trade Commission Act (15 U.S.C. 45(a)(1)) among others.

    On July 12, 2023, the Court dismissed the action without prejudice on the grounds that the Court lacked subject matter jurisdiction. (Dkt. Nos. 9, 10). On August 2, 2023 Denise J. Casper, United States District Judge, filed an electronic order denying a pending motion to obtain summary of facts judgment and motion for court ordered subpoena production. (Dkt. No. 9, 13, 14)

    Plaintiff files this appeal for the following reasons:

1.)     The UMass Five College Federal Credit Union is a federally chartered credit union under the Federal Credit

Union Act. As such the United States District Court shall have original jurisdiction.

2.) The UMass Five College Federal Credit Union headquarters and main office branch and administrative offices are located at 200 Westgate Center Drive, Hadley Massachusetts. Plaintiff is a citizen of Massachusetts. The Federal Credit Union is an unincorporated association and has a majority of members' citizenships outside of Massachusetts and lacks complete non-diversity; and for the aforementioned reasons the court will exercise its diversity of citizenship jurisdiction[1].

3.) The arguments or assertions in plaintiff's motions, pending motions, objections and pleading amendments provide a basis for this Court to exercise its federal question subject matter jurisdiction.

4.) Tort law precedence exists in tortuous claims of self enrichment and personal property which parallel this case where United States District Court had jurisdiction.

5.) Plaintiff was denied access to the court's subpoena power in defining the tortuous claim of self enrichment and the cause for action. Use of the subpoena power of the court in defining the cause for action would result in a successful action against the defendant for which relief may not be limited to civil court.

This ___17th___ day of October, 2023

Signature of Plaintiff
Printed Name of Plaintiff        Nicholas A. Ritrovato, III

---

[1] A major difficulty in applying the statutory criteria is in deciding what constitutes a principal place of business. Most courts look to the site of the major production or service activities of the corporation, although others look to the location of the corporate headquarters, at least when corporate operations are divided among the several states. With unincorporated associations, such as labor unions, diversity statute has been interpreted to require an inquiry into the citizenship of all the members of the association. If any of the members are domiciled in the same state as the opponent, there is no complete diversity.

| | |
|---|---|
| Signature of Attorney | *N.A. Ritrovato III pro se* |
| Printed Name of Attorney | Nicholas A. Ritrovato, III pro se |
| Bar Number | pro se |
| Name of Law Firm | pro se |
| Street Address | 9 Wesley Park, Somerville |
| State and Zip Code | MA, 02143 |
| Telephone Number | 617-764-5181 |
| Mobile Telephone Number | 617-767-2056 |
| E-mail Address | nicholas_ritrovato@yahoo.com |